United States District Court
Southern District of Texas
**ENTERED**
September 10, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTONIO R. WEATHERSBY, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20–CV–02450 |
| | § | |
| ENSIGN DRILLING, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Plaintiff Antonio R. Weathersby ("Weathersby") filed this lawsuit against Defendant Ensign United States Drilling (S.W.), Inc. (improperly identified as "Ensign Drilling") alleging employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). Before me is Weathersby's request that I appoint him a lawyer. *See* Dkts. 31 and 34. In a nutshell, Weathersby contends that he does not have the financial resources to hire counsel.

Title VII provides for the appointment of an attorney for a plaintiff upon request "in such circumstances as the court may deem just." 42 U.S.C. § 2000e–5(f)(1). Unlike Title VII, the ADEA contains no such provision that expressly authorizes appointment of counsel. *See* 29 U.S.C. § 621 *et seq.* I do have discretion, however, under 28 U.S.C. § 1915(e)(1), to request that an attorney represent any person unable to afford counsel upon a showing of exceptional circumstances. As a result, "[t]he criteria guiding a court's analysis of a motion to appoint are the same whether the cause of action is Title VII or the

ADEA." *Prado v. U.S.*, No. C–11–037, 2011 WL 2348739, at *1 n.1 (S.D. Tex. Mar. 15, 2011).

Although Title VII and ADEA litigants have the right to request an attorney, "there is no automatic right to the appointment of counsel." *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977). As the Fifth Circuit has made abundantly clear: "the appointment of counsel in a civil case is a privilege and not a constitutional right." *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). *See also Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982) (as a general rule, an attorney should be appointed in a civil case only if "exceptional circumstances" exist).

The decision whether to appoint counsel in a Title VII or ADEA case rests within the sound discretion of the trial court. *See Caston*, 556 F.2d at 1308. District courts analyzing the merits of a plaintiff's request for counsel in a Title VII or ADEA case should consider: (1) the plaintiff's financial ability to retain counsel; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the merits of the plaintiff's claim of discrimination. *See Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990). "No single factor is conclusive." *Id.* As plaintiff, Weathersby bears the burden of demonstrating that appointment of counsel is appropriate. *See Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 333 (5th Cir. 2013).

The first factor I must consider in deciding whether to appoint counsel is whether Weathersby has shown that he has "insufficient assets and income to enable [him] to afford an attorney to investigate and file [his] claim." *Lee v. U.S. Postal Serv.*, 882 F. Supp. 589, 593 (E.D. Tex. 1995). This standard is less than the substantial showing of poverty

2

required to proceed *in forma pauperis*. *See id.* at 593–94. Because Weathersby is of limited financial resources and has sought and received *in forma pauperis* status, he easily meets the less vigorous standard applicable to Title VII and ADEA cases. *See id.*

Next, I must consider what efforts Weathersby has taken to obtain counsel. *See Gonzalez*, 907 F.2d at 579. "To be eligible for appointed counsel, [Weathersby] must make a reasonably diligent effort under the circumstances to obtain counsel." *Lee*, 882 F. Supp. at 594 (internal quotation marks and citation omitted). Weathersby indicated at a recent status conference that he has reached out to a contingency lawyer about obtaining legal representation, but has yet to hear back from that lawyer. Although Weathersby has not contacted a laundry of list of lawyers, I believe he has made a reasonably diligent effort, thus satisfying this second requirement

Finally, I must evaluate the merits of Weathersby's claim of discrimination. Examining the potential merits of a case "is most important, considering the unfairness of imposing service upon a member of the bar," and "[t]his factor is also the most difficult to apply." *Id.* In the present case, it is hard, if not impossible, to assess the merits of Weathersby's case from reviewing the bare-boned Complaint.

The Complaint consists of several boxes, which Weathersby has checked to signify the alleged discriminatory conduct of which he complains: termination of his employment, unequal terms and conditions of employment, and retaliation in violation of Title VII and the ADEA. Weathersby indicates that the alleged discriminatory acts occurred on "around about 8/20/19." There is a section of the Complaint under the typed words "[t]he facts of my case are as follows." Dkt.1 at 4. Weathersby has left this section blank. Based on the

Complaint, I am reluctant to conclude that the allegations are frivolous. But, at the same time, the paucity of allegations certainly does not convince me that the merits of the case are necessarily strong. At least from the face of the Complaint, I cannot discern any concrete proof of discrimination.

However, my evaluation of the merits of Weathersby's case is not limited to Complaint itself, I may also consider the determination of the Equal Employment Opportunity Commission ("EEOC"). *See Caston*, 556 F.2d at 1309 ("As the administrative agency statutorily charged with the responsibility of enforcing Title VII and presumably equipped with at least a modest amount of expertise in the area, the determination of the EEOC is highly probative."). Although Weathersby did pursue his remedies before the EEOC, the EEOC determined that it was "unable to conclude that the information obtained establishes violations of the statutes." Dkt. 1-2 at 2. While this conclusion certainly does not tank Weathersby's case, it also does not provide any support for his claims.

Understandably, Weathersby desires to have able counsel represent him in this lawsuit. I sympathize with all pro se litigants in Weathersby's situation. Ideally, each litigant who appears before this Court is represented by a zealous advocate who champions his/her client's cause. The reality of the situation, however, is that Congress has earmarked no funds for such representation in Title VII and ADEA cases, and I must remember that I cannot, in each and every case, order an unwilling member of the bar to assume representation for no compensation. Under the law governing the appointment of counsel in Title VII and ADEA proceedings, I must deny Weathersby's request to appoint counsel. Weathersby has simply not shown that this case presents "exceptional circumstances"

supporting the appointment of counsel. *See, e.g., Trumbo v. Performance Bicycle Shop*, No. A-17-CV-558-LY, 2018 WL 814266 (W.D. Tex. Feb. 9, 2018) (denying request to appoint counsel in Title VII case); *Thomas v. Beaumont Indep. Sch. Dist.*, No. 1:13-CV-572, 2013 WL 12177864 (E.D. Tex. Sept. 26, 2013) (same).

SIGNED this 10th day of September, 2020.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE